Freeman, J\,
delivered the opinion of the court:
J. iVL Bewley conveyed, by deed of gift, some land to Dorthetea Bewley, the wife of his son, W. N. Bewley, for life, and after her death to her children, requiring a note signed by the son and his wife, for $2,000, payable some years after date, to be given him. The transaction was, in fact, intended to be a gift of what was assumed to be the share of the son in the father’s estate, and the $2,000 note was taken because the land was valued at this sum over and above said share. The note shows this to have been its consideration, and the deed on its face purports to- be a gift, and retains no lien to secure this note.
On these facts, the question arises between McFarland, the administrator of J. M. Bewley, and the children of W. *458 N. Bewley, bis wife having died, as to whether this note is a lien on the land or proceeds, after the satisfaction of Maloney’s debt, which is entitled to priority of satisfaction out of it.
The note, as an obligation upon the wife, is void under the defense of coverture which is interposed, so that the case must stand solely on the ground of a lien for purchase money implied, and a right to enforce it against the land. To the extent (hat the land was valued above the share of the son, the transaction had some aspects of a purchase, yet can well be distinguished from it. The wife and children were to receive the amount in value, over and above the share of the son in the father’s estate, and the son and wife were, in view of that fact, to pay the sum specified. The son is bound, the note being a joint note', but the conveyance is made to the wife and children, and for their benefit. This was, then, a gift of the whole tract of land in consideration of the son’s share of the estate, or of that in addition to the obligation of the son and wife to pay the estate $2,000, as evidenced by the note. This seems to be purely a personal obligation, and the nature of the transaction repels the idea of a lien retained for the payment of the note. The implied lien on a sale may be rebutted and shown to have been waived by proof. 2 Hum., 248; 3 Head, 384. Taking additional security of a third party will rebut the idea of a lien. The fact of a gift would seem to be equally effective for this purpose. A gift, in fact, excludes the idea of a sale — the lien rests on the fact of the relation of vendor and vendee. This was so held in the case of Hagar v. Hagar, 2 Tenn. Ch. R., 76, which case was affirmed by this court on appeal. It may be said it was a gift of the land to the extent of $4,000, the assumed share of the son, and a sale as to the balance. This would not correctly characterize the transaction, the deed on its face purporting to be a gift and that of the entire tract. Can this be contradicted? On the theory of a sale to the extent of $2,000, how could the lien be adjusted? On *459 ■what part would it attach.? ¥e think it clear the transaction was a gift, and the note taken, not on the< idea of a sale, hut as a personal obligation of the son and wife to pay this sum. There can be no lien predicated of a gift of land under such circumstances.
The bill will be dismissed; cost of IVIaloney’s bill will be paid out of the proceeds of the sale of the land. . The cost of the bill of the administrator be paid by him out of assets of the estate.